CATHERINE J. WEINBERG, ESQ. [SBN 222066]
BUCKNER, ROBINSON & MIRKOVICH
3146 Red Hill Avenue, Suite 200
Costa Mesa, California 92626
Telephone: (714) 432-0990
Fax:         (714) 432-0352
Email:      cweinberg@bamlaw.net

Attorneys for Defendants
ANDY and TUYEN NGUYEN

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, | Case No. 5:20-cv-01077-PSG-SP |
| Plaintiff, | **DEFENDANTS' EVIDENCE OF ABSENCE OF VIOLATION** |
| v. | |
| ANDY NGUYEN, an individual; TUYEN NGUYEN, an individual; and Does 1-10, inclusive, | |
| Defendants. | |

Pursuant to the August 18, 2020, Order of the District Court, defendants ANDY NGUYEN and TUYEN NGUYEN hereby file and serve their evidence of absence of violation.

Dated: October 15, 2020         Respectfully submitted,

BUCKNER, ROBINSON & MIRKOVICH

By: _____
CATHERINE J. WEINBERG
Attorneys for Defendants
ANDY and TUYEN NGUYEN

1

# Site Accessibility Evaluation

## Americans with Disabilities Act
## And
## Title 24 And Part 2 - California Building Code



**Parking Lot**

**16441-16455 Main St**
**Hesperia, CA 92345**

Exterior Parking Lot Only

*Inspection Date: 10/31/2019*
*Inspector: Craig Lobnow*

**Prepared By**



ProCASp
Intelligent Accessibility Solutions

**(833) 776 - 2277**
**ProCASp.com**

Martin Gomez
15555 Main St.
Herperia, CA, 92345
11/03/2019

Dear Gomez,

Thank you for the opportunity to be of service to you by performing an accessibility evaluation for the parking lot located at 16441-16455 Main St, Hesperia, CA, 92345. The facility was inspected on 10/31/2019. At the time of the inspection, the parking lot and accessible routes were found to be in compliance with applicable state and federal accessibility requirements. There were no violations noted.

The ADA applies to this property because it is a public accommodation as defined in the Department of Justice's regulations implementing title III. 28 C.F.R. §36.104. Title III of the ADA requires that, as a place of public accommodation, the property owner is required to remove architectural barriers in existing facilities where such removal is readily achievable. 28 C.F.R. §36.304(a). Title III of the ADA requires that, as a place of public accommodation, the property owner should take measures to provide access to those areas of a place of public accommodation where goods and services are made available to the public. 28 C.F.R. 36.304(c)(2). Title III of the ADA also requires that, as a place of public accommodation, the property owner should take any other measures necessary to provide access to the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation. 28 C.F.R. §36.304(c)(4).

In the event that the property owner can demonstrate that barrier removal is not readily achievable, he must make his goods, services, facilities, privileges, advantages, or accommodations available through alternative methods, if those methods are readily achievable. 28 C.F.R. §36.305(a). The term readily achievable has been defined as "easily accomplishable and able to be carried out without much difficulty or expense".

Periodic maintenance to ensure continued accessibility is essential in providing a safe and usable environment. Parking lot markings, signage, door opening pressures, and maintaining clear floor space at doors and other elements and fixtures, available to the public, must be part of an ongoing maintenance schedule.

If you have any questions regarding this report, please feel free to contact me.

Sincerely,

*[signature]*

Craig Lobnow, CASp #634

*Parking Lot - 16441-16455 Main St Hesperia, CA 92345*

### Exterior

### Finding: 1

The parking lot has been found to be in substantial compliance with accessibility codes, standards, and regulations. There are sufficient accessible parking spaces and access aisles for the overall number of parking spaces provided. The accessible parking spaces and access aisles are in full compliance in regard to dimensions, slope, markings, and signage.

### Citation:

2016 CBC 11B (7/1/18) Section: 208 & 502

2010 ADAS Section: 208 & 502



*Parking Lot - 16441-16455 Main St Hesperia, CA 92345*

## Finding #1 Additional Finding Photos





*Parking Lot - 16441-16455 Main St Hesperia, CA 92345*

## Finding #1 Additional Finding Photos



*Parking Lot - 16441-16455 Main St Hesperia, CA 92345*

Exterior

Finding: 2

The accessible routes from the parking spaces to the building entrances have been found to be in substantial compliance with accessibility codes, standards, and regulations. There are compliant accessible routes from building to building, and there is a compliant accessible route from the public way.

Citation:

2016 CBC 11B (7/1/18) Section: 206 & 401-406

2010 ADAS Section: 206 & 401-406



**Finding #2 Additional Finding Photos**





**Finding #2 Additional Finding Photos**





# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On October 15, 2020, I served the foregoing document described as "Defendants' Evidence of Absence of Violation" on the party or parties by electronic service as follows:

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the documents with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules and proofs of such service filed separately.

>Joseph R. Manning, Jr., Esq.
>MANNING LAW, APC
>20062 SW Birch Street, Suite 200
>Newport Beach, CA 92660
>DisabilityRights@manninglawoffice.com

Executed on October 15, 2020 at Costa Mesa, California.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury that the foregoing is true and correct.

/s/ *Robert Hall*

_____
ROBERT HALL

2

DEFENDANTS' EVIDENCE OF ABSENCE OF VIOLATION